**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 3 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CARL J. PRIVITERA and JOSEPHINE
A. PRIVITERA,

Plaintiffs-Appellees,

v.

DILLARD DEPARTMENT STORES,
INC.,

Defendant-Appellant.

No. 99-3046
(D.C. No. 97-CV-2389-GTV)
(District of Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **PORFILIO**, Circuit Judges, and **WEINSHIENK**, District Judge.[**]

---

INTRODUCTION

This diversity breach of contract case involves issues of whether defendant-

appellant Dillard Department Stores, Inc., (Dillard) was required to repair the roof on a

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

[**]The Honorable Zita L. Weinshienk of the United States District Court for the
District of Colorado, sitting by designation.

warehouse it was leasing from plaintiffs-appellees, and if so what was the maximum award which the evidence supported. Dillard appeals the district court's denial of its initial and renewed Fed. R. Civ. P. 50(b) Motions for Judgment as a Matter of Law, and presents the new argument that the maximum amount of award justified by the evidence was $40,000. In doing so, it argues that the evidence presented at trial was undisputed that the original roof was beyond its useful life, obsolete, and in need of replacement, and that the lease was unambiguous in that it did not require the tenant to replace an obsolete roof. Further, Dillard argues that the only evidence supporting any award was expert testimony that repairs, which would be extremely temporary in their effect, could have been made for $40,000. Defendant-appellant concludes that the district court should have entered judgment as a matter of law or at a minimum reduced the verdict. We assert jurisdiction pursuant to 28 U.S.C. § 1291, and, for the reasons stated below, affirm the district court's verdict award and denial of defendant-appellant's motions.

BACKGROUND

Plaintiffs Carl and Josephine Privitera are the owners of an approximately 100,000 square foot warehouse in the Fairfax Industrial District of Kansas City, Kansas. On May 13, 1976, the Priviteras entered into a lease with Macy's for the use of the warehouse from June 1, 1976, until May 31, 1986. Dillard became the successor in interest to the lease through its acquisition of Macy's in March of 1986. Prior to Dillard's acquisition of Macy's, the lease was renewed for an additional term of 10 years. After acquiring the

lease, Dillard chose not to use or occupy the warehouse for the remaining ten years of the lease. In the spring of 1990, Dillard contracted for the repairs of various components of the warehouse including the roof. Dillard conducted no further repairs during its control of the lease for the warehouse.

Both sides agree that the roof and interior of the building were in severe disrepair when the warehouse was returned to the plaintiffs. The parties disagree over whether Dillard was required to make any repairs. The provision of the lease at issue is section 4C, which provides in pertinent part:

> Tenant further agrees to accept the premises in the condition existing at the commencement of the term, to take good care of the premises and, at its expense, to make all reasonable repairs in and about the premises necessary to preserve and maintain them in good order and condition. . . . At the termination of this lease, Tenant shall deliver the premises to Landlord in good condition and repair, allowance being made for fire damage, unavoidable casualty, ordinary wear and tear and obsolescence. . . .

Dillard takes the position that the roof was obsolete and that, under the terms of the lease, it was not required to make any repairs. The Priviteras in contrast, argue that the roof was restorable and that Dillard failed to make obligated repairs leading to further damages. Accordingly, the Priviteras filed suit in the District Court of Wyandotte County, Kansas for breach of section 4C of the lease. The suit was removed to federal court by Dillard on diversity grounds.

The roof was inspected on behalf of Dillard by two experts, Richard Baxter and Robert Lococo.[1] Both of their findings were presented to the jury, Mr. Baxter's through the admission of his report, and Mr. Lococo's through his testimony. The Baxter report found that the roof, although having "provided service long beyond [the roof's] . . . expected service life," could either be repaired or replaced. He estimated that the cost to repair the roof was $40,000, while replacement would cost $180,000. Mr. Lococo, in his direct testimony, stated that the type of roof on the warehouse had a twenty year average life span and that the warehouse roof was 50 years old. He opined that the roof was in atrocious condition and should have been replaced at least ten years earlier. He also discounted the effectiveness of the type of repairs advocated by Mr. Baxter, referring to them as ineffective. On cross-examination and in his report he gave two options for the roof, recovering or complete replacement of the roof. His estimate for the recovering of the roof was $200,000, while replacement would cost $300,000.

At the close of the Priviteras' case-in-chief, Dillard moved for judgment as a matter of law on the issue of whether it was obligated to repair the roof. The District Court Judge denied the motion. Dillard renewed its Rule 50 motion at the close of all the evidence, but the district court again denied the motion. Finally, after the jury verdict was reached, Dillard again renewed its motion, which again was denied. In denying the

---

[1]Only Mr. Lococo testified at the trial. The expert report of Mr. Baxter was admitted without objection by the Court.

second renewed motion, the Judge stated "[v]iewing the evidence presented at trial in the light most favorable to plaintiffs, the court concludes that there is ample evidence upon which the jury could properly return a verdict for plaintiffs."

The Jury returned a verdict in favor of the Priviteras. In response to a special verdict form, the Jury awarded $271,967 in total damages.[2] Of that, $150,500 was attributed to repairs to roof. It is only the denial of the Rule 50 motion regarding the roof repairs that is being appealed by Dillard.

## DISCUSSION

A. Standard of Review

This court reviews *de novo* the denial of a motion for judgment as a matter of law. See Kinser v. Gehl Co., 184 F.3d 1259, 1267 (10th Cir.1999). A court should grant a defendant judgment as a matter of law "[i]f there is no legally sufficient evidentiary basis . . . with respect to [the plaintiffs] claim . . . under the controlling law." Baty v. Willamette Indus., Inc., 172 F.3d 1232, 1241 (10th Cir.1999) (quotation omitted). In evaluating a Rule 50 motion, this court examines all the evidence admitted at trial, construing that evidence and the inferences therefrom in the light most favorable to the non-moving party. See Kinser, 184 F.3d at 1267. "Such a judgment 'is warranted only if the evidence points but one way and is susceptible to no reasonable inferences supporting

---

[2]This figure included an award of damages for items unrelated to the roof including, among others, damages to the guttering spouts, removal of asbestos, and repair or replacement of the interior lighting.

the party opposing the motion. . . .' " <u>See</u> <u>Baty</u>, 172 F.3d at 1232, 1241 (10th Cir. 1999) (quotation marks and citations omitted).

B.  Repair of the Roof

Dillard essentially makes two arguments as to why the roof was obsolete and that it was, therefore, not required to make any repairs.  First, that once a roof has gone well beyond its expected life, it automatically should be deemed obsolete.  Accordingly, as it is uncontested that the actual age of this roof is well beyond its anticipated life span, the exception to the duty to repair for obsolescence, as specified in section 4C of the lease, is applicable.  Second, Dillard argues that the testimony of the experts, which was the only testimony before the jury on the state of the roof, demonstrate that this roof was in fact obsolete.

As an initial matter we decline to adopt the position that the expected life span of a roof is the determining factor of obsolescence.  Were this the case, the actual condition of a roof would play no part, and a tenant would be allowed to ignore simple repairs which could avoid much more costly future expenditures to the owner.   Instead, a court must examine each item and determine on an individual basis whether repairs are possible or if the item is actually no longer able to be repaired.

As to the roof in this case, as noted above, it was examined by two experts employed by Dillard,  Richard Baxter and Robert Lococo.  In Mr. Baxter's report, which was placed in evidence, he concluded that the roof, although beyond its expected life

could be repaired for $40,000. Mr. Lococo testified that, although in his opinion the roof was obsolete, the roof could be recovered with a single-ply layer put over the existing roof for his estimate of $200,000. Dillard argues that this recovery option does not constitute a repair of the roof, but instead a complete replacement. It has failed, however, to demonstrate that a jury evaluating Mr. Lococo's testimony could not have justifiably considered this procedure, which kept the original roof in place, a repair. Thus, based upon the evidence elicited through the expert roof consultants employed by the defendant, the cost to repair the roof properly could have been considered by the jury anywhere in the range from $40,000 to $200,000. We agree with the district court that this testimony provided ample evidence by which the jury could have found that the roof was not obsolete and could have been repaired by Dillard.

Dillard's argument that any award should be reduced to the $40,000 repairs estimated by Mr. Baxter, for the reasons outlined above, also has no basis. Accepting Mr. Lococo's recovery option as a repair, the $150,500 award is within the experts' estimates and, accordingly, should not be disturbed by this Court.

CONCLUSION

We affirm the district court's denial of defendant-appellant's Rule 50 motions for judgment as a matter of law.

ENTERED FOR THE COURT

Zita L. Weinshienk
Senior District Judge

-7-